UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.                                                    Crim. No. 04-81 (JNE/RLE)
                                                       ORDER

1. Todd John Lakoskey, and
2. Thomas James Lakoskey,

        Defendants.

On March 3, 2005, a jury found Todd John Lakoskey and Thomas James Lakoskey (collectively, Defendants) guilty of conspiracy to distribute and possess with intent to distribute in excess of fifty (50) grams (actual) of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The jury acquitted Todd Lakoskey of attempted possession of methamphetamine with intent to distribute. It also acquitted Thomas Lakoskey of possession of methamphetamine with intent to distribute. This case is before the Court on Todd Lakoskey's motion for judgment of acquittal or, in the alternative, a new trial, and on Thomas Lakoskey's motion to contact members of the jury, motion for expansion of time to file a motion for a new trial, and motion for new trial. For the reasons set forth below, the Court denies all of Defendants' motions.

## I.    DISCUSSION

### A.    Todd Lakoskey's Motion for Judgment of Acquittal

Todd Lakoskey moves pursuant to Federal Rule of Criminal Procedure 29 for a judgment of acquittal on the ground that the jury was presented with insufficient evidence from which it could find him guilty beyond a reasonable doubt of conspiracy to distribute and possess with intent to distribute in excess of fifty (50) grams (actual) of methamphetamine. The Court disagrees.

Although judgments of acquittal are authorized by Rule 29 of the Federal Rules of Criminal Procedure,[1] "[j]ury verdicts are not lightly overturned." *United States v. Hood*, 51 F.3d 128, 129 (8th Cir. 1995).  A jury's guilty verdict must be upheld if, "drawing all reasonable inferences in favor of the verdict, there is an interpretation of the evidence that would allow a reasonable-minded jury to find the defendants guilty beyond a reasonable doubt." *United States v. Ervasti*, 201 F.3d 1029, 1036 (8th Cir. 2000) (quotations omitted).  The fact that a jury returns inconsistent verdicts on the same indictment as to the same defendant is not a sufficient ground to warrant a judgment of acquittal.  *See United States v. Fuller*, 374 F.3d 617, 623 (8th Cir. 2004).

To convict a defendant on a conspiracy charge, the jury is required to find that (1) an agreement existed among two or more people to accomplish an illegal purpose, (2) the defendant knew of the conspiracy, and (3) the defendant knowingly joined and participated in the conspiracy.  *See United States v. Munoz*, 324 F.3d 987, 990 (8th Cir. 2003).  In this case, the government presented substantial evidence that supports a reasonable inference that, on or before January 27, 2004, Todd and Thomas Lakoskey had an agreement whereby Todd Lakoskey knowingly sent money from his home in Biwabik, Minnesota to Thomas Lakoskey in Mesa, Arizona, in exchange for more than 50 grams of methamphetamine (actual) for distribution.  The jury could reasonably have inferred that Todd and Thomas Lakoskey were in a methamphetamine distribution conspiracy beginning as early as January 2003, when Thomas Lakoskey moved to Arizona, and that the conspiracy lasted until January 27, 2004.  Accordingly,

---

[1] Rule 29(a) of the Federal Rules of Criminal Procedure provides, in relevant part: "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."

the evidence was sufficient for a reasonable jury to find each element of the government's case beyond a reasonable doubt, and Todd Lakoskey's motion for judgment of acquittal is denied.

**B.     Defendants' Motions for New Trial**

Next, Defendants move for a new trial under Federal Rule of Criminal Procedure 33(a). That Rule provides: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Defendants argue that interest of justice requires a new trial because the Court constructively amended the indictment when answering a jury question and because the verdict is contrary to the weight of the evidence.

*1.     Jury Instruction*

Defendants contend that they are entitled to a new trial because the Court's answer to one of the jury's questions improperly broadened Count 1 of the Second Superseding Indictment. Count 1 of the Second Superseding Indictment provides, in relevant part: "On or before January 27, 2004, in the State and District of Minnesota or elsewhere, the defendants Todd John Lakoskey and Thomas James Lakoskey knowingly conspired . . . to distribute and possess with intent to distribute in excess of fifty (50) grams (actual) of methamphetamine." At the jury instruction conference, Defendants objected to the use of the language "on or before" in the jury instructions because they were concerned that "before" might be misunderstood to extend back in time as far as 2001, the time of Defendants' prior methamphetamine distribution, evidence of which was admitted pursuant to Federal Rule of Evidence 404(b). The Court determined with the consent of Defendants, but over the government's objection, that, when instructing on the elements of Count 1, the Court would substitute "on or about" for "on or before" to address Defendants' concern.

3

During the course of the jury's deliberations, the jurors submitted a question to the court regarding the meaning of "on or about." The jury wrote: "We would like to have 'on or about' explained to us. What is the length in time that covers." Over an objection by Todd Lakoskey, but with the agreement of Thomas Lakoskey, the Court responded, in relevant part:

> You have asked for an explanation of "on or about," as that phrase is used in the instructions. On or about doesn't have a specific legal meaning. It depends on the circumstances of the conduct under consideration. Here for purposes of Count 1, "on or about January 27, 2004" would mean sometime during a period beginning no earlier than 2003 and terminating on January 27, 2004.

Defendants argue that the Court's instruction amounted to a constructive amendment of the indictment, impermissibly allowing the jury to speculate that more than forty packages sent between Biwabik, Minnesota and Mesa, Arizona in 2003 were part of an ongoing conspiracy to distribute and possess methamphetamine. Defendants argue that the grand jury was not presented with this 2003 evidence and that the Court's instruction, therefore, effectively broadened the time frame of the indictment in violation of their Fifth Amendment rights.

"A constructive amendment, which is reversible error *per se*, occurs when the essential elements of the offense set forth in the indictment are [in effect] altered . . . by the prosecutor or the court after the grand jury has passed upon them." *United States v. Emery*, 186 F.3d 921, 927 (8th Cir. 1999) (quotations omitted). "It has long been the law of this Circuit that a variance between the date in the indictment and the proof is not fatal if the proof shows that the acts charged were committed on a date within the statute of limitations and prior to the return date of the indictment, as long as the date was not a material element of the crime charged." *United States v. Turner*, 975 F.2d 490, 494 (8th Cir. 1992) (quotations omitted). Time is not a material element of a conspiracy charge. *Id.*

Because time is not a material element of the crime for which Defendants were convicted, namely, conspiracy,[2] and the 2003 acts were committed within the statute of limitations and prior to the return date of the indictment, the Court's instruction did not effect a constructive amendment to the indictment. If anything, the Court's instruction narrowed the indictment to the Defendants' benefit. An indictment may be narrowed, either constructively or in fact, without resubmitting it to the grand jury. *See United States v. Sutera*, 933 F.2d 641, 645 (8th Cir. 1991). Accordingly, the Court denies Defendants' motions for a new trial.

2.  *Weight of the Evidence*

Defendants also argue that they are entitled to a new trial because the weight of the evidence does not support the verdict. When deciding a motion for a new trial on the ground that the verdict is contrary to the weight of the evidence, the Court must weigh the evidence and evaluate the credibility of the witnesses. *See United States v. Lanier*, 838 F.2d 281, 284 (8th Cir. 1988). If the Court is persuaded that the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred, the Court may order a new trial. *Id.* at 284-85. A court's authority to order a new trial is to be exercised sparingly. *See United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980).

The evidence of Defendants' guilt was strong. It was, therefore, no miscarriage of justice for the jury to return a guilty verdict on Count 1. Defendants' motions for a new trial on this ground are denied.

---

[2]   Defendants rely heavily on *United States v. Ford*, 872 F.2d 1231 (6th Cir. 1989) in support of their argument that they are entitled to a new trial because they were convicted for behavior that was not presented to the grand jury. The fact that Defendants were convicted of conspiracy distinguishes the present case from *Ford*, where the defendant was convicted of possessing a firearm after having been convicted of a felony. In addition, this case is distinguishable from *Ford* in light of the fact that, in this case, the indictment charged that the crime occurred *on or before* January 27, 2004; in Ford, the indictment charged that the crime occurred *on or about* September 28, 1987. For these reasons, Defendants' reliance on *Ford* is misplaced.

5

C.  **Thomas Lakoskey's Motion to Contact Members of the Jury**

Finally, Thomas Lakoskey requests permission to contact members of the jury in order to demonstrate that the jury improperly considered evidence of acts occurring during 2003 as evidence that Todd and Thomas Lakoskey were involved in a conspiracy during that period. He also requests that the Court grant him an extension of time to file a motion for a new trial until he has had an opportunity to interview the jurors.

Federal Rule of Evidence 606(b) clearly forbids jurors from testifying about their mental processes in circumstances like those presented here.[3] Accordingly, the inquiry Thomas Lakoskey asks to pursue would not yield admissible evidence, and the Court therefore denies his requests.

---

3   Federal Rule of Evidence 606(b) provides:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.

## II.     CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Todd Lakoskey's Motion for Judgment of Acquittal or, in the Alternative, a New Trial [Docket No. 166] is DENIED.

2. Thomas Lakoskey's Petition for Contact with Members of the Jury, and for Expansion of Time to File Motion for New Trial Pursuant to Crim. R. Pro. 33; and Motion for New Trial [Docket No. 168] is DENIED.

Dated:  June 14, 2005

  S/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge