UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Todd John Lakoskey,

        Petitioner,

   v.

United States of America,

        Respondent.

Civil No. 07-3581 (JNE)
Crim. No. 04-81 (JNE/RLE)
ORDER

On March 3, 2005, a jury convicted Todd Lakoskey (Petitioner) and Thomas Lakoskey, Petitioner's codefendant and brother, of conspiracy to distribute and to possess with intent to distribute fifty grams or more of methamphetamine. The Court sentenced Petitioner to 151 months imprisonment. Petitioner appealed; the Eighth Circuit affirmed; and the United States Supreme Court denied certiorari on February 26, 2007. *United States v. Lakoskey*, 462 F.3d 965 (8th Cir. 2006), *cert. denied*, 127 S. Ct. 1388 (2007). Petitioner's codefendant also appealed, and the Eighth Circuit reversed his conviction. *Lakoskey*, 462 F.3d at 981. Petitioner's codefendant eventually pleaded guilty to a lesser charge of interstate transportation in aid of a racketeering enterprise and was sentenced to 60 months.

On July 31, 2007, Petitioner moved to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 (2000). On January 23, 2008, and then again on July 8, 2008, Petitioner moved to amend his § 2255 petition to add new claims of ineffective assistance of counsel. Because Petitioner's new claims are time-barred and futile, the Court denies Petitioner's motion to amend; and because the record conclusively shows that Petitioner is not entitled to relief, the Court denies Petitioner's § 2255 motion without a hearing. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

1

Petitioner raises three grounds for relief in his original § 2255 motion: (1) that Petitioner received ineffective assistance of counsel because counsel failed to fully explain the safety-valve proffer; (2) that the length of his sentence was unreasonable; and (3) that his sentence should be reduced because his codefendant ultimately received a much shorter sentence than Petitioner did. On January 23, 2008, Petitioner asserted a second ineffective assistance claim based on his counsel "not appealing the denial of the safety-valve." (Resp. to Opp'n of the United States to Def.'s Mot. Pursuant to 28 U.S.C. § 2255 at 4.) This argument was not included in Petitioner's original § 2255 motion. Therefore, construing Petitioner's pleadings liberally, the Court treats it as a motion to amend to add a new claim pursuant to Rule 15 of the Federal Rules of Civil Procedure. *See Papantony v. Hedrick*, 215 F.3d 863, 865 (8th Cir. 2000). On July 8, 2008, Petitioner explicitly moved to amend his original motion and asked the Court for leave to add another ineffective assistance of counsel claim, this one alleging that his counsel failed to ensure that he was arraigned on the second (and final) superseding indictment.

*Motions to Amend*

Petitioner has essentially made two motions to amend his original § 2255 petition. Habeas proceedings are governed by the Federal Rules of Civil Procedure. *United States v. Craycraft*, 167 F.3d 451, 457 n.6 (8th Cir. 1999). Petitioner may not amend his § 2255 motion as a matter of course, because his motions to amend were filed after the United States served its answer. *See* Fed. R. Civ. P. 15(a)(1)(A). Thus, Petitioner may only amend his motion if the Court grants leave to amend. Fed. R. Civ. P. 15(a)(2). A court appropriately denies movant leave to amend if the new claim is futile. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715

(8th Cir. 2008) (internal quotation omitted).  Since both of Petitioner's new claims are futile, the Court denies Petitioner's motions to amend.

Petitioner's first amended claim that his appellate counsel was ineffective for failing to contest the denial of the safety-valve proffer is futile, because counsel actually did raise this issue on direct appeal.  *Lakoskey*, 462 F.3d at 972 ("[Petitioner] challenges the district court's decision to deny a continuance of the sentencing hearing to allow him to make a safety-valve proffer.").

Petitioner's second motion to amend is also futile, because the new claim is time-barred.  A § 2255 motion must be filed within one year of final judgment.  § 2255.  Here, the one-year time limit began on February 26, 2007, the date on which the Supreme Court denied Petitioner's petition for a writ of certiorari.  *See Campa-Fabela v. United States*, 339 F.3d 993, 993-94 (8th Cir. 2003).  Therefore, Petitioner's new claim, filed on July 8, 2008, is time-barred unless it relates back to the date of the original pleading.  *See* Fed. R. Civ. P. 15(c).  The second amended claim does not relate back, because the new claim of ineffective conduct (failure to see that Petitioner was arraigned) is a separate transaction from the ineffective conduct alleged in the original pleading (failure to explain the safety-valve proffer).  *See Craycraft*, 167 F.3d at 457 (amended ineffective-assistance claim did not relate back to original § 2255 ineffective-assistance claim and was time-barred because "[f]ailing to file an appeal is a separate occurrence in both time and type from a failure to pursue a downward departure or failure to object to the type of drugs at issue").  Petitioner's new ineffective conduct claim is time-barred and futile; leave to amend the original § 2255 motion will therefore be denied.

*Ineffective Assistance of Counsel*

Petitioner argues that he received ineffective assistance of counsel because counsel failed to fully explain the safety-valve proffer.  An ineffective assistance of counsel claim requires

satisfaction of two prongs: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In evaluating the first prong, a court "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Here, Petitioner has made no showing that counsel's explanation of the safety-valve proffer meets the first prong. Petitioner's lawyers stated that they advised him about the safety-valve provision after receiving a communication from the government as to Petitioner's eligibility. Petitioner did not contradict these statements. Moreover, at the sentencing hearing, the Court found that Petitioner's counsel explained the safety-valve proffer adequately: "Well, I think [defense counsel] are probably very good at explaining things. I have a hard time believing that the defendant really didn't understand. I think that he probably just changed his mind, but he's got lawyers who are good at explaining things." (Sentencing Tr. at 8-9.) This finding was implicitly upheld on appeal when the Eighth Circuit affirmed the Court's denial of the safety-valve proffer. In denying the continuance, the Court found that counsel properly explained the proffer to Petitioner. (Sentencing Tr. at 8-11.) The Eighth Circuit held that the Court did not abuse its discretion when denying the proffer, because the Court legitimately "disbelieved [Petitioner's] explanation for the delay." *Lakoskey*, 462 F.3d at 981. The Court continues to disbelieve Petitioner's assertion that his attorney failed to explain the proffer. Accordingly, Petitioner's ineffective assistance claim is rejected.

*Unreasonable Sentence*

Petitioner asserts that his sentence was unreasonable because: (1) he was improperly denied the opportunity for safety-valve relief; and (2) no more than the mandatory minimum sentence should have been imposed. Both claims are procedurally barred.

The safety-valve argument is barred because it was resolved on direct appeal. "It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003) (internal citations and quotation marks omitted). Petitioner appealed the Court's decision to deny a continuance of the sentencing hearing to allow him to make a safety-valve proffer. *Lakoskey*, 462 F.3d at 980-81. Thus, Petitioner is barred from re-raising the issue in a § 2255 motion.

Petitioner's mandatory minimum argument is also procedurally barred.

> The failure to raise an issue on direct appeal acts to bar a petitioner from raising that issue for the first time in a section 2255 motion . . . . This procedural default may be excused only if the petitioner can show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted.

*Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997) (internal citations and quotation marks omitted). Petitioner admits that he did not raise the mandatory minimum argument on appeal, because his counsel "did not choose to do so." (Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence at 8.) In his reply brief, Petitioner contends that the default was due to ineffective assistance of counsel, and that this excuses the default. (Resp. to Op. of the United States to Def.'s Mot. Pursuant to 28 U.S.C. § 2255 at 2.) "Ineffective assistance of appellate counsel may constitute cause and prejudice to overcome a procedural default." *Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Petitioner fails, however, to identify any facts that suggest ineffective assistance of counsel. "Experienced advocates since time beyond

5

memory have emphasized the importance of winnowing out weaker arguments on appeal. Therefore, absent contrary evidence, we assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." *United States v. Brown*, 528 F.3d 1030, 1033 (8th Cir. 2008) (internal citations and quotation marks omitted). While there was some argument during the sentencing hearing about the correct offense level, the Court, after rejecting Petitioner's proposed offense level and adopting the United States' proposed offense level, imposed a sentence that was permissible under either offense level. Nothing suggests that Petitioner's appellate counsel did anything other than choose to appeal the larger, more contentious issue (illegal search and seizure) while winnowing out the smaller, less contentious issues (imposition of a sentence within either guideline range). Petitioner procedurally defaulted on the claim that his sentence was unreasonable because he did not receive the mandatory minimum and has not shown cause to overcome this default. The claim therefore is barred.

*Sentencing Relief Based on the Disparity with Petitioner's Codefendant's Sentence*

Petitioner contends that he should receive a reduced sentence because his codefendant obtained a shorter sentence after the codefendant's conviction was reversed. Specifically, Petitioner, who received a sentence at the bottom of the sentencing guideline range, argues that the disparity between his sentence and his codefendant's sentence warrants a downward departure from the guidelines, but

> [the Eighth Circuit has] repeatedly rejected this argument. See . . . *United States v. Polanco*, 53 F.3d 893, 897 (8th Cir. 1995) ("Disparity between sentences imposed on codefendants is not a proper basis for departure[.]"); *United States v. Granados*, 962 F.2d 767, 774 (8th Cir. 1992) ("A defendant cannot rely upon his co-defendant's sentence as a yardstick for his own; a sentence is not disproportionate just because it exceeds a co-defendant's sentence[.]").

*United States v. Watson*, 480 F.3d 1175, 1177 (8th Cir. 2007). Moreover, 18 U.S.C § 3553(a)(6) (2000), the factor articulating the need to avoid disparities, does not even apply to Petitioner.

Section 3553(a)(6) only applies when defendants have been "found guilty of similar conduct." § 3553(a)(6). This factor does not apply here because Petitioner was found guilty of conspiracy to distribute 50 grams or more of methamphetamine (with a mandatory minimum of 120 months) while Petitioner's codefendant pleaded guilty to interstate transportation in aid of a racketeering enterprise (with a statutory maximum of only 60 months). Where different charges and different pleas are involved, sentencing disparities are justified. *See United States v. Chauncey*, 420 F.3d 864, 878 (8th Cir. 2005).

To the extent Petitioner contends that his conspiracy conviction is improper absent the conviction of his coconspirator, his argument is unavailing. Petitioner argues that the so-called "rule of consistency" requires the reversal of his conspiracy conviction because his coconspirator's conviction was reversed. First, the rule of consistency is no longer good law. *United States v. Morton*, 412 F.3d 901, 904 (8th Cir. 2005) (holding that the rule of consistency is not good law, and, therefore, acquittal of a coconspirator did not require reversal of the other coconspirator's conviction). Second, the rule of consistency is inappropriate here in any event. Even a not-guilty verdict for Petitioner's codefendant and a guilty verdict for Petitioner would not be inconsistent, because the jury was instructed that "[t]he government must prove that the defendant . . . reached an agreement or understanding with at least one other person. It makes no difference whether that person is a defendant or named in the indictment." (Trial Tr. 1180.) Furthermore, a jury never acquitted Petitioner's codefendant. Accordingly, Petitioner's rule of consistency argument fails.

*Certificate of Appealability*

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court

cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a district court rejects claims on procedural grounds, "a COA should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, Petitioner has not demonstrated that reasonable jurists would find the rejection of Petitioner's claims on the merits and procedural grounds debatable or wrong. Thus, the Court declines to grant a COA.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Petitioner's first motion to amend [Docket No. 248 in Crim. No. 04-81] is DENIED.

2. Petitioner's second motion to amend [Docket No. 250 in Crim. No. 04-81] is DENIED.

3. Petitioner's § 2255 motion [Docket No. 1 in Civil No. 07-3581; Docket No. 230 in Crim. No. 04-81] is DENIED.

4. Petitioner is not entitled to a certificate of appealability.

Dated: September 15, 2008

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge